UNITED STATES DISTRICT COURT
DISTRICT MAINE

....................................
UNITED STATES OF AMERICA          .
                                  .
    v.                            .
                                  .            1:24-MJ-00244-JCN
QIHONG SONG                       .
                                  .
....................................

**DEFENDANT'S MEMORANDUM IN AID OF DETENTION HEARING**

The Defendant, by and through undersigned counsel, submits this memorandum to assist with further consideration of her detention or release on conditions.

BACKGROUND

An initial appearance was timely held on Friday, July 26. At that time, Defendant: agreed with the Government's motion to defer detention hearing, and additionally requested to defer preliminary hearing. On July 31, 2024, Defendant waived preliminary hearing and a detention hearing was held. Pretrial services recommended Ms. Song's release on conditions consented to by Defendant, and the Government argued against Ms. Song's release on the perceived basis of serious risk of flight.

The Court carefully considered and weighed all statutory and otherwise appropriate factors, among them Ms. Song's immigration status. Counsel for Defendant did not contest there is a hold in place by U.S. Customs and Immigration Enforcement ("ICE"). Counsel for Defendant, assisted by immigration counsel present at hearing, shared information that the pertinent ICE officer had been contacted and that ICE had indicated it would defer to FBI jurisdiction and the prosecution of this matter prior to proceeding with any enforcement under its own authority. By information and belief, ICE has not yet drafted and filed its own charging documents, as none have been provided. The instant matter presents with an unusual combination of factors as to the nature and circumstances

of the offense, the history and characteristics of the Defendant, and immigration status. With the full consent of the parties, and no prejudice to Defendant, the Court briefly deferred for further hearing, and in the interim, invited the written provision of any further information by the parties.

### I. Defendant has been "denationalized".

Appended hereto, and incorporated herein by reference, are proposed exhibits pre-marked as 7 through 10, to supplement photographic exhibits 1 through 6 admitted at hearing. Exhibit 7 came into the possession of counsel after counsel had departed for the hearing on July 31st. Exhibits 8 and 9 were sought, obtained, and translated in response to the hearing, and as part of an ongoing legal investigation being conducted in China by Defendant's family and law enforcement. The latter two exhibits were obtained overnight on July 31, 2024 into August 1, 2024, and therefore shared with the Government only at time of filing of the within memorandum. Exhibit 10 was obtained by the same means following the drafting of the within memorandum, as part of ongoing investigation.

All three proposed exhibits were obtained, provided, and translated by Dongfang (Albert) Wang, an attorney and partner of the Zhong Lun Law Firm's Shanghai office, who is also listed as licensed by New York State (Bar #5260112), and who provided the exhibits with translations to undersigned counsel through Defendant's immigration counsel, Attorney Lina Li of New York State and the federal courts of New York.

Exhibit 7 is a police report indicating the commencement of an investigation into the potential victimization and defrauding of Ms. Song by a private immigration agency, resulting in her usage of a fraudulent Belgian passport.

Exhibit 8 is a copy of a written attestation Ms. Song was required by Chinese authorities to submit as a disavowal of her household registration, the official record of

residency in China (in light of her having held and used her Belgian passport for a period of one year).

Exhibit 9 is a copy of the household registry, with pagination added by undersigned counsel in the lower right-hand corner, for ease of reference.

Exhibit 10 is a copy of a record from the 'Municipal Public Security Bureau' in China, showing "expiration" of Ms. Song's passport pursuant to her disavowal of residency and assumption of Belgian passport and nationality.

Together, the exhibits show that currently Ms. Song is not a citizen of China. Nor is she a citizen of Belgium. Effectively, at present, Ms. Song is a person without a country.

## II. Defendant cannot readily be deported or obtain a Chinese passport

Defendant submits that, being a person legally without a national status, she could not readily be deported even were ICE to seek her deportation as part of an enforcement action. Likewise, and contrary to an argument by the Government at hearing, Defendant cannot simply proceed to the Chinese consulate and seek issuance of a new passport. The time it will take to resolve Ms. Song's national status weighs against concerns of Ms. Song's not appearing at Court to confront the charge.

## III. Conclusion

Counsel submits the foregoing in aid of the Court's consideration of detention or release under conditions. In doing so, counsel also reasserts that immigration status may be considered by the Court, but that the Court may not rely on an ICE detainer alone to deny pretrial release. *United States v. Ailon-Ailon*, 875 F.3d 1334, 1338 (10th Cir. 2017) ("We agree with the latter set of courts that a risk of involuntary removal does not establish a "serious risk that the defendant will flee" upon which pre-trial detention may

be based"); *United States v. Santos-Flores*, 794 F.3d 1088, 1091 (9th Cir. 2015) ("The government may not use its discretionary power of removal to trump a defendant's right to an individualized determination under the Bail Reform Act.") These decisions were cited favorably by *United States v. Lopez*, No. 23-CR-10269-AK (D. Mass. Nov. 20, 2023). Defense particularly notes the point made in *Santos-Flores*, that the Government is one party, and the Government cannot have it both ways, making of Ms. Song a serious flight risk because the Government has imposed its own detainer.

| | |
|---|---|
| Dated: August 1, 2024 | /s/ *Daniel Dubé, Esq.* <br> Daniel Dubé, Esq. <br> 40 Cassell St. <br> Lewiston, ME 04240-3920 <br> Phone: (207) 577-8534 <br> Fax:    (617) 657-1445 <br> dan@themainelawyer.com |

## CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2024, I electronically filed the above 'Defendant's Memorandum in Aid of Detention Hearing' with the Clerk of Court using the CM/ECF system, which will send notification of such filings to counsel of record.

/s/ *Daniel Dubé, Esq.*
Daniel Dubé, Esq.